```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CREIGHTON E. MILLER              :    CONSOLIDATED UNDER
(Administrator for Estate of     :    MDL 875
Joseph F. Braun),                :
                                 :
     Plaintiffs,                 :
                                 :
     v.                          :
                                 :
MANVILLE CORPORATION ASBESTOS    :
DISEASE COMPENSATION FUND,       :
ET AL.,                          :    E.D. PA CIVIL ACTION NO.
                                 :    2:11-33896-ER
     Defendants.                 :
```

**M E M O R A N D U M**

EDUARDO C. ROBRENO, J.                          January 5, 2017

Presently before the Court is the Thompson Hine Defendants' motion for summary judgment based upon their argument that Plaintiff's Jones Act claims have abated as there is no statutory beneficiary. For the reasons that follow, the motion will be denied.

This case was transferred in April of 2011 from the United State District Court for the Northern District of Ohio to the United States District Court for the Eastern District of Pennsylvania, where it became part of the consolidated asbestos products liability multidistrict litigation (MDL 875). The case was assigned to the Court's maritime docket ("MARDOC"). See 2:02-md-0875. The Thompson Hine Defendants include: (1) American

1

President Lines, Ltd., (2) Matson Navigation Company, Inc., and (3) The Oceanic Steamship Company. (ECF No. 43-1.)

Plaintiff, the administrator of the estate of decedent Joseph F. Braun ("Decedent" or "Mr. Braun"), alleges that Decedent was exposed to asbestos while working aboard ships owned by Defendants (and, in at least some instances, as an employee of Defendant(s)), and that he developed an asbestos-related illness(es) as a result of this asbestos exposure, which caused his death. This action was filed in 1989, asserting claims against Defendants under the Jones Act and the general maritime common law. (See ECF No. 77-5 at 25-28.) Mr. Braun died in October of 1986. (ECF No. 77-5 at 25.) He was survived by his wife, Helen Braun ("Mrs. Braun" or "Decedent's Widow"). (See ECF Nos. 50 and 50-1.) Thereafter, however, during the pendency of this action, on November 28, 2000, Mrs. Braun also died. (ECF No. 50-1.) (The Court notes that there is information in the record that Mr. Braun also had a son, Richard Braun, who is apparently also now deceased, but who may also have survived his father, and who is perhaps now survived by a spouse and/or child (which may include, specifically, a Demetria Braun, who has been identified as a dependent of Decedent Mr. Braun and for whom there is no indication in the record of death). See ECF No. 43-2 at 4-5, Responses to Interrog. Nos. 5 and 6.)

The Thompson Hine Defendants have moved for summary judgment, arguing that Plaintiff's Jones Act claims have abated because there is no statutory beneficiary. Although these Defendants initially asserted that all of Plaintiff's Jones Act claims have abated, their reply brief contends that it is only the <u>survival</u> claims (and not the <u>wrongful death</u> claims) that have abated. (ECF No. 52.)

The Court also notes that the motion addresses only Plaintiffs' Jones Act claims (which sound in negligence) and does <u>not</u> address Plaintiffs' claims for unseaworthiness brought pursuant to the general maritime common law. (<u>See</u> ECF No. 77-5 at 25-28 (Ex. 4 to Def. Mot. Dismiss (Complaint)); <u>see also</u>, <u>e.g.</u>, 2:02-md-00875, ECF No. 1827-1 at 2-6, ¶¶ 7-9 (representative MARDOC complaint asserting both statutory and common law claims)). Therefore, even if the motion were granted in its entirety, it does not necessarily follow that it would entitle Defendants to dismissal from the action. As such, the motion is properly identified as one for partial (rather than full) summary judgment.

**I.   The Applicable Law**

    **A. <u>Summary Judgment Standard</u>**

Summary judgment is appropriate if there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A motion

3

for summary judgment will not be defeated by 'the mere existence' of some disputed facts, but will be denied when there is a genuine issue of material fact." Am. Eagle Outfitters v. Lyle & Scott Ltd., 584 F.3d 575, 581 (3d Cir. 2009) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)). A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248.

In undertaking this analysis, the court views the facts in the light most favorable to the non-moving party. "After making all reasonable inferences in the nonmoving party's favor, there is a genuine issue of material fact if a reasonable jury could find for the nonmoving party." Pignataro v. Port Auth. of N.Y. & N.J., 593 F.3d 265, 268 (3d Cir. 2010) (citing Reliance Ins. Co. v. Moessner, 121 F.3d 895, 900 (3d Cir. 1997)). While the moving party bears the initial burden of showing the absence of a genuine issue of material fact, meeting this obligation shifts the burden to the non-moving party who must "set forth specific facts showing that there is a genuine issue for trial." Anderson, 477 U.S. at 250.

4

### B. Substantive Law

The parties agree that the claims in this case are governed by maritime law, and that there are Jones Act claims against the Thompson Hine shipowner defendants. Because the claims all arise from alleged asbestos exposure aboard ships, it is clear that maritime law applies because the "connection" and "locality" tests are satisfied. See Conner v. Alfa Laval, Inc., 799 F. Supp. 2d 455 (E.D. Pa. 2011) (Robreno, J.); Deuber v. Asbestos Corp. Ltd., No. 10-78931, 2011 WL 6415339, at *1 n.1 (E.D. Pa. Dec. 2, 2011) (Robreno, J.).

## II. Defendants' Lack of Statutory Beneficiary Motion

### A. Defendants' Motion

Defendants' initial motion contends that they are entitled to summary judgment as to Plaintiff's wrongful death and survival claims because Mr. Braun's claims lack an identified beneficiary (as defined by the applicable statutes). Specifically, Defendants contend that the Jones Act only permits claims to proceed where the recovery has been identified to be distributed to a surviving spouse, child, parent, or next of kin who is dependent upon the decedent. Defendants contend that Plaintiffs have not identified a person who falls into this definition of a beneficiary.

5

As legal authority for this position, Defendants state that the Jones Act (46 U.S.C. § 30104) incorporates FELA's substantive recovery provisions. The wrongful death provision reads:

> Every common carrier . . . shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce, or, in **case of the death of such employee, to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee; and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee**, for such injury or death resulting in whole or in part from the negligence of any of the officers, agents, or employees of such carrier, or by reason of any defect or insufficiency, due to its negligence, in its cars, engines, appliances, machinery, track, roadbed, works, boats, wharves, or other equipment.

45 U.S.C. § 51 (emphasis added). The survival provision reads:

> Any right of action given by this chapter to a person suffering injury **shall survive to his or her personal representative, for the benefit of the surviving widow or husband and children of such employee, and, if none, then of such employee's parents; and, if none, then of the next of kin dependent upon such employee**, but in such cases there shall be only one recovery for the same injury.

45 U.S.C. § 59 (emphasis added). Defendants rely upon <u>Lindgren v. United States</u>, 281 U.S. 38, 41 (1929), which they contend sets forth the well-established principle that, without any of the statutory beneficiaries, there can be no action, and which reads:

> By this section [Section 51] if the injury to the employee results in death his **personal representative** – while not given any right of action in behalf of the estate – **is invested, solely as trustee for the designated survivors**, with the right to recover for

6

>  their benefit such damages as will compensate them for
>  any pecuniary loss which they sustained by the death.

281 U.S. at 41 (emphasis added). In contending that other courts have recognized this principle, as set forth in Lindgren, they cite Pittsburgh Nat'l Bank v. Pennsylvania R.R. Co., 315 F.2d 606, 607 (3d Cir. 1963); Glod v. American President Lines, Ltd., 547 F. Supp. 183, 185 (N.D. Cal. 1982); Petition of United States, 92 F. Supp. 495, 497 (S.D.N.Y. 1950); Bailey v. Baltimore Mail S.S. Co., 43 F. Supp. 243, 245 (S.D.N.Y. 1941); and Auld v. Terminal R.R. Ass'n of St. Louis, 463 S.W.2d 297, 299 (Mo. 1970).

### B. Plaintiff's Opposition

In response to Defendants' motion, Plaintiff identified a statutory beneficiary who was alive at the time of the filing of the action and at (and after) the time of Decedent's death (specifically, his wife, Mrs. Braun). (See ECF No. 50.) During the pendency of the action, however, this statutory beneficiary (Mrs. Braun) passed away. (See ECF Nos. 50 and 50-1.) (The Court has also noted identification in the record by Plaintiff of a son of Mr. Braun (Richard Braun), who is apparently now deceased but who may have also survived his father, and who is perhaps still now survived by a spouse and/or child (which may include, specifically, a Demetria Braun, who has been identified as a dependent of Decedent Mr. Braun, and for whom there is no

7

indication in the record of death). See ECF No. 43-2 at 4-5, Responses to Interrog. Nos. 5 and 6.) Plaintiff contends that the death of a statutory beneficiary during the pendency of a Jones Act action (even if the sole statutory beneficiary) does not extinguish the cause of action. Plaintiff relies upon Van Beeck v. Sabine Towing Co., 300 U.S. 342 (1937), which he contends held that a Jones Act wrongful death action does not abate where the sole beneficiary of the cause of action dies during the pendency of the suit, but might be continued by the administrator for recovery of loss up to the beneficiary's death, with the damages to be paid to the beneficiary's estate. He also relies upon Dellaripa v. New York, New Haven & Hartford R.R. Co., 257 F.2d 733, 735 (2d Cir. 1958), which he contends held that the death of a decedent's sole statutory beneficiary during the pendency of a case did not terminate an administrator's right of recovery under a survival action brought pursuant to FELA – and stated that "[i]t is difficult to discern any reason why a survival action should abate where a wrongful death action does not." 257 F.2d at 734. For the proposition that the death of a sole statutory beneficiary to a Jones Act action does not serve to extinguish either a wrongful death or survival claim, Plaintiff cites Wade v. Rogala, 270 F.2d 280 (3d Cir. 1959).

Plaintiff contends that Lindgren is not relevant precedent for cases in which a Jones Act statutory beneficiary dies during the pendency of the action because Lindgren involved a seaman who had no statutory beneficiary at the time of his death (whereas Mr. Braun had at least one, and possibly more, statutory beneficiaries at the time of his death). Plaintiff thus contends that his Jones Act claims do not abate under the circumstances of these cases.

### C. Defendants' Reply

In their reply brief, Defendants concede that a Jones Act wrongful death claim does not abate where a beneficiary (even a sole beneficiary) is alive at the time of the Decedent's death but later dies during the course of the action (as clarified by Van Beeck). Defendants, however, contend that a Jones Act survival claim does abate under these same circumstances (as established by Dooley v. Korean Air Lines Co., 524 U.S. 116, 123 (1998) and Rogers v. Ft. Worth & D.C.R. Co., 91 S.W.2d 458 (Tex. Civ. App. 1936)). They assert that the survival claim is for the benefit of the surviving statutory beneficiary (during the course of their lifetime) – and not for the benefit of the estate of that beneficiary after his or her death.

Defendants acknowledge that Plaintiff has correctly summarized Dellaripa, however, Defendants contend that Dellaripa has been superseded by the Supreme Court's holding in Dooley.

9

Defendants further contend that Dooley confirmed a principle established in Mobil Oil Corp. v. Higginbotham, 436 U.S. 618, 625 (1978), that, where Congress authorizes only certain classes of beneficiaries in a statute, courts may not add additional classes to permit recovery by persons who are not themselves statutory beneficiaries – and that allowing Plaintiff to recover for the Decedent's injury/survival claim would necessarily and improperly add a new class of beneficiaries under the Jones Act.

### III. Analysis

The parties agree that Plaintiff's Jones Act wrongful death claims do not abate under the circumstances of these cases. Accordingly, the Court must decide whether Defendants are entitled to summary judgment on Plaintiff's Jones Act survival claims, which in this case raises two issues: (1) have Defendants established that there is no living statutory beneficiary who is entitled to recover on Plaintiff's survival claims, and (2) can the survival claims be pursued for the benefit of a statutory beneficiary's estate (including, specifically, Mrs. Braun's estate, and perhaps also the estate of Decedent's now-deceased son (if he was alive at the time of Decedent's passing)) even though that statutory beneficiary is now deceased.

At the summary judgment stage, Defendants bear the burden of establishing that Plaintiff's claims are barred. Anderson, 477 U.S. at 250. The first issue raised by Defendants' motion in this case is whether Defendant has established the absence of a living statutory beneficiary. Plaintiff's interrogatory responses identify a Demetria Braun as a (non-child, non-spouse) dependent of Decedent's. (ECF No. 43-2 at at 4-5, Responses to Interrog. Nos. 5 and 6.) (It would appear, based on the information provided in the record, that Demetria is likely either the widow of Decedent's now-deceased son, Richard, or perhaps a granddaughter or niece of Decedent. Given her last name and her listing by Plaintiff as a "dependent" of Decedent's, the Court recognizes the probability that she is a "next of kin.") There is no evidence in the record (from Defendants or otherwise) that Demetria is not still living – or that Demetria is not a "next of kin dependent" who is entitled to recover on the survival claims pursuant to the statute. See 45 U.S.C. § 59. As such, Defendants have failed to establish that (partial) summary judgment on grounds of lack of a living statutory beneficiary is warranted due to the lack of a living statutory beneficiary. Anderson, 477 U.S. at 250.

However, even if it were determined that there is no living statutory beneficiary, Defendants' motion fails for reasons surrounding the second issue raised by the motion. With respect

11

to the second issue, Defendants primarily rely on Dooley for the proposition that a Jones Act survival claim abates when the statutory beneficiary passes away during the pendency of the action. Dooley was brought under the Death on the High Seas Act (DOHSA) by personal representatives of passengers who were aboard an airplane that was shot down over the Sea of Japan and who brought claims pursuant to the Warsaw Convention to recover damages for, inter alia, pre-death pain and suffering of the decedent-passengers. In construing DOHSA, the Supreme Court stated:

> Petitioners argue that general maritime law recognizes a survival action, which permits a decedent's estate to recover damages that the decedent would have been able to recover but for his death, including pre-death pain and suffering. And, they contend, because DOHSA is a wrongful-death statute – giving surviving relatives a cause of action for losses they suffered as a result of the decedent's death – it has no bearing on the availability of a survival action.
>
> We disagree. DOHSA expresses Congress' judgment that there should be no such cause of action in cases of death on the high seas. By authorizing only certain surviving relatives to recover damages, and by limiting damages to the pecuniary losses sustained by those relatives, Congress provided the exclusive recovery for deaths that occur on the high seas.
>
> . . . . .
>
> The comprehensive scope of DOHSA is confirmed by its survival provision, see supra, at 1894, which limits the recovery in such cases to the pecuniary losses suffered by surviving relatives. The Act thus expresses Congress' "considered judgment," Mobil Oil Corp. v. Higginbotham, supra, at 625, 98 S. ct., at 2015, on the availability and contours of a survival

> action in cases of death on the high seas. For this reason, it cannot be contended that DOHSA has no bearing on survival actions; rather, Congress has simply chosen to adopt a more limited survival provision. Indeed, Congress did so in the same year that it incorporated into the Jones Act, which permits seaman injured in the course of their employment to recover damages for their injuries, a survival action similar to the one petitioners seek here. See Act of June 5, 1920, § 33, 41 Stat. 1007 (incorporating survival action of the Federal Employers' Liability Act, 45 U.S.C. § 59). Even in the exercise of our admiralty jurisdiction, we will not upset the balance struck by Congress by authorizing a cause of action with which Congress was certainly familiar but nonetheless declined to adopt.

524 U.S. at 123-24.

Defendants thus argue that the Jones Act only authorizes a certain class of beneficiaries, and the Court cannot recognize a new class of beneficiaries – that proposed class being the statutory beneficiary's estate. To the extent that Dooley supports Defendants' argument, it is only insofar as it sets forth the general proposition that the Court cannot expand the class of beneficiaries statutorily permitted by Congress. The crucial question, however, remains unanswered: whether the estate of a Decedent's statutory beneficiary (i.e., the estate of Mrs. Braun and perhaps also the estate of Decedent's now-deceased son, Richard (if he was alive at the time of Decedent's passing)) is considered an expansion of the class of beneficiaries, or whether the estate may recover/inherit the damages owed to the now-deceased statutory beneficiary.

Defendants have failed to identify any authority that establishes that an estate may not recover these amounts. Defendants cite to Rogers, 91 S.W.2d at 458, in support of their argument. However, Defendants admit that the decision was overruled in part by the Supreme Court in Van Beeck. In recognizing the apparent lack of authority for their position, Defendants appeal to the "statutory purpose" of a survival claim:

> The survival claim does not compensate the beneficiary for the beneficiary's own loss, but rather it is the injured employee's claim that survives, and which is brought for the purpose of benefitting the beneficiary during her lifetime. If the sole beneficiary dies during pendency of the suit, that statutory purpose cannot be accomplished, and there is no statutory beneficiary on whose behalf the action can be maintained.

Reply at 4 (internal citation omitted). (ECF No. 79.)

In contrast, Plaintiff cites to Dellaripa, which states that Van Beeck's holding logically extends to survival actions. The Court agrees with the reasoning in Dellaripa, and this Court does not construe Dooley to supersede Dellaripa. First, the Court notes that the categories of beneficiaries established in sections 51 and 59 are identical. Accordingly, this Court would be in direct conflict with Van Beeck if it determined that the estate of a statutory beneficiary qualified as a "new" class of beneficiary. Second, other courts have reached similar conclusions about the survivorship of claims where the named

14

beneficiary dies during the pendency of the action. See, e.g., White v. United States, 543 F.3d 1330 (Fed. Cir. 2008) (holding that even though estates are not among the beneficiaries enumerated in the Public Safety Officers Benefits Act, the estate of a claimant who died before her claim had been processed could collect the statutory benefit). Finally, it would be an especially absurd and unfair result where, as here, the instant claims were effectively held in abeyance for decades because of a judicial backlog of asbestos cases. See, e.g., Labrache v. A-C Product Liability Trust, 2014 WL 10390332, at *1 n.2 (Sept. 8, 2014) (Robreno, J.) (setting forth the history of MDL-875 and the staying/administrative dismissal of thousands of asbestos cases in the 1990s). Mrs. Braun died fairly recently, and the instant motion would have been moot if the Court had had the resources to handle the case (and the thousands of other asbestos cases held in abeyance) when they were first filed. See, e.g., Dziesinski v. Alcoa Steamship Co., No. 09-30136, ECF Nos. 130 and 162 (brief of plaintiffs noting that statutory beneficiary Alice Dziesinski, mother of deceased seaman Leon Dziesinski, died during the pendency of his action in February of 2012, and Order of this Court dated April 21, 2015, denying a motion for summary judgment on the asserted ground that the estate of Mrs. Dziesinski could not recover on a survival claim for which she would have collected if still alive, and

identifying dozens of other MARDOC cases with similar fact patterns (i.e., recently-deceased sole statutory beneficiaries) in which the same Order was entered).

### IV. Conclusion

Defendants have failed to (1) show that there is no genuine dispute as to a material fact as to whether there is a living statutory beneficiary (e.g., that the Demetria Braun identified by Plaintiff is not a "next of kin dependent" as provided for in the survival statute), or (2) identify any authority that establishes that Plaintiff's Jones Act claims (either wrongful death claims or survival claims) abate even if there is an absence of a living statutory beneficiary (i.e., because the beneficiary(ies) living at the time of Decedent's death (specifically, his wife – and possibly also his son) have since passed away during the pendency of this action). See Anderson, 477 U.S. at 248-50. For these reasons, Defendants' motion for (partial) summary judgment is denied.

An appropriate Order follows.